UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV-10619RCL

JAMES R. MENARD, )
)
Plaintiff, )
)
v. )
)
C&S WHOLESALE GROCERS, INC. and )
MARILYN TILLINGHAST, )
)
Defendants. )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' NOTICE OF REMOVAL AND PLAINTIFF'S MOTION TO REMAND

### INTRODUCTION

Pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1447(c) Plaintiff, James R. Menard, hereby opposes Defendants' Notice of Removal and moves this Court to remand this matter back to the Superior Court Department of the Commonwealth of Massachusetts.

As grounds therefore, Plaintiff states that the Defendants, C&S Wholesale Grocers, Inc. ("C&S" or "the Company") and Marilyn Tillinghast improperly removed this as a diversity action given that C&S is a corporate citizen of Massachusetts and Ms. Tillinghast is a resident of Massachusetts, the forum in which this action was originally brought.

In further support of this Motion, Plaintiff relies upon his Memorandum of Law submitted herewith.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1447(c), Plaintiff James R. Menard requests that his case be remanded to the Commonwealth of Massachusetts Superior Court Department of the Trial Court for Norfolk County and that he be awarded all attorneys' fees, costs and expenses which he was forced to incur as a result of this improper removal pursuant to 28 U.S.C. § 1447(c).

JAMES R. MENARD
By his attorneys,

_Kathryn E Abare_
David M. Felper, Esq., BBO #162460
Kathryn E. Abare, Esq., BBO #647594
Bowditch & Dewey, LLP
311 Main Street – P.O. Box 15156
Worcester, MA  01615-0156
(508) 791-3511

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on 4/30/04.

_Kathryn E Abare_

Date:   April 30, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV-10619RCL

| | |
|---|---|
| JAMES R. MENARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| C&S WHOLESALE GROCERS, INC. and MARILYN TILLINGHAST, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' NOTICE OF REMOVAL AND PLAINTIFF'S MOTION TO REMAND

### INTRODUCTION

Plaintiff James R. Menard submits this memorandum in support of his Opposition To Defendants' Notice Of Removal And Plaintiff's Motion To Remand.

### FACTS

Plaintiff was employed by Defendant C&S Wholesale Grocers, Inc. ("the Company") from July 1999 through August 2001. Affidavit of James R. Menard ("Menard Aff."), attached hereto as Exhibit 1, at ¶ 1. Plaintiff filed this action in the Commonwealth of Massachusetts Superior Court Department of the Trial Court for Norfolk County on February 23, 2004, alleging discrimination in violation of Massachusetts General Laws, c. 151B. Defendants were served

with the Complaint on March 3, 2004. Defendants filed a Notice of Removal on March 30, 2004. However, Plaintiff is aware of the following facts establishing that Defendants are citizens of this Commonwealth and that removal of this case based on diversity jurisdiction is improper.

In his capacity as Director of Independent Sales and Director of Chain Sales, Plaintiff became familiar with the Company's various locations, including its numerous locations in Massachusetts. Menard Aff. at ¶ 1.

Specifically, during Plaintiff's employment with the Company, the Company maintained a business office in Southborough, Massachusetts. Menard Aff. at ¶ 3. Approximately 6 or more employees of the Company worked at the Southborough office. Menard Aff. at ¶ 3. Upon information and belief, the Company has moved its Massachusetts business office to a facility in Framingham, Massachusetts. Menard Aff. at ¶ 4 and Exhibit A.

In addition, the Company has a warehouse facility in Westfield, Massachusetts where it employs 397 employees and processes 2.9 million cases each week and carries 9,855 different products. Menard Aff. at ¶ 5 and Exhibit B.

The Company also has warehouse facilities in South Hatfield and North Hatfield, Massachusetts where it employs 1,200 people and processes an average of 670,000 cases each week and carries 5,600 different products. Menard Aff. at ¶ 6 and Exhibit C.

Furthermore, the Company has three corporate certificates on file with the Commonwealth of Massachusetts, two of which list the Company's principal office in Massachusetts. Affidavit of Counsel, Kathryn E. Abare ("Abare Aff."), attached hereto as Exhibit 2, at ¶¶ 4,5 and Exhibits A, B and C.

Moreover, Plaintiff Marilyn Tillinghast has a residence in Orleans, Massachusetts. Menard Aff. at ¶ 7.

## ARGUMENT

## STANDARD OF REVIEW

This Court adheres to a policy of strict construction with regard to the removal provisions of 28 U.S.C. §§ 1441-1447. Therrien v. Hamilton, 881 F. Supp. 76, (D. Mass.1996)("Removal statutes should be strictly construed against removal and doubts resolved in favor of remand."); Chin v. Holiday Cruises II, Inc., 141 F.R.D. 367, 369 (D. Mass.1992)("Removal statutes are strictly construed with doubts resolved in favor of State Court jurisdiction."). The burden of proving all jurisdictional facts is on the party asserting jurisdiction. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). Accordingly, Defendants have the burden of proving that complete diversity existed at the time the action was filed. See Bunhn Information Sys., Inc. v. Hutson, 299 F.3d 321, 328 (1st Cir. 2000). Subject matter jurisdiction cannot be created or destroyed by any action of the parties. Ins. Corp. of Ireland, LTD, et al v. Compagnie Des Baustes, 456 U.S. 694, 702 (1982).

### I. REMOVAL OF THIS CASE IS IMPROPER BECAUSE DIVERSITY OF CITIZENSHIP DOES NOT EXIST.

This action was originally filed in the State Court on February 23, 2004. Defendants were served with the Complaint on March 3, 2004.

Defendants' attempt to remove this action is improper because complete diversity of citizenship does not exist in this case.

It is undisputed that C&S is a corporation organized under the laws of the State of Vermont with a place of business located in Brattleboro, Vermont. However, Defendants have

3

failed to prove that C&S is not a citizen of Massachusetts as C&S has corporate certificates on file with the State of Massachusetts, indicating principal places of business in Massachusetts. See Abare Aff. at Exhibits A and B.

Furthermore, the Company maintains places of business in locations throughout Massachusetts. See Menard Aff. at ¶ 2. A true and accurate copy of telephone listings for the Company's Massachusetts locations is attached hereto as Exhibit 3. Specifically, during Mr. Menard's employment, the Company maintained business offices in Southborough, Massachusetts, where it employed approximately 6 or more employees. See Menard Aff. at ¶ 3. Currently, the Company maintains business offices in Framingham, Massachusetts. See Menard Aff. at ¶ 4 and Exhibit A.

Moreover, the Company also maintains warehouse facilities in Massachusetts. The Company operates a warehouse facility in Westfield, Massachusetts where it employs 397 employees, processes 2.9 million cases each week and carries 9,855 different products. See Menard Aff. at ¶ 5 and Exhibit B. The Company also maintains warehouse facilities in South Hatfield and North Hatfield, Massachusetts, where it employs 1200 people, processes an average of 670,000 cases each week and carries approximately 5600 products. See Menard Aff. at ¶ 6 and Exhibit C.

In addition, removal of this case is also improper because Defendant Marilyn Tillinghast is a citizen of Massachusetts. Upon information and belief, Plaintiff alleges that Defendant Tillinghast has a residence in Orleans, Massachusetts. A true and accurate copy of an Accurint search for Marilyn Tillinghast showing her Orleans residence is attached hereto as Exhibit 4. Defendants have failed to show complete diversity of citizenship because they have not demonstrated that Defendant Tillinghast is not a resident of Massachusetts.

Clearly, Defendant C&S and Defendant Tillinghast are both residents of Massachusetts. Accordingly, Defendants have no right to remove this action to Federal Court given that it was originally brought in its home jurisdiction. 28 U.S.C. § 1441(b). Accordingly, removal of this action to Federal Court is improper.

Defendants may argue that jurisdiction is conferred on this Court by the Complaint filed by Plaintiff. However, it is well-settled that "no action of the parties can confer subject-matter jurisdiction upon a Federal Court." Ins. Corp. of Ireland, 456 U.S. at 702. To the contrary, diversity jurisdiction is determined by the citizenship of the parties as they existed at the time the Complaint was filed. See Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957). Accordingly, the pleadings of the parties are irrelevant in determining the jurisdiction of this Court in the present case because the facts establish that diversity jurisdiction does not exist.

## CONCLUSION

For the foregoing reasons, this case should be remanded to the Commonwealth of Massachusetts Norfolk Superior Court and Plaintiff should be awarded all attorneys' fees, costs and expenses which he was forced to incur as a result of this improper removal pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

JAMES R. MENARD
By his attorneys,

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on 4/30/04

_____
David M. Felper, Esq., BBO #162460
Kathryn E. Abare, Esq., BBO #647594
Bowditch & Dewey, LLP
311 Main Street – P.O. Box 15156
Worcester, MA  01615-0156
(508) 791-3511

Date:  April 30, 2004

6