UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10619 RCL

| | |
|---|---|
| JAMES R. MENARD,  )  | |
|     Plaintiff  ) | DEFENDANTS' RESPONSE TO |
| ) | PLAINTIFF'S OPPOSITION TO |
| vs.  ) | DEFENDANTS' NOTICE OF |
| ) | REMOVAL AND PLAINTIFF'S |
| C&S WHOLESALE GROCERS,  ) | MOTION TO REMAND |
| INC., et al.,  ) | |
|     Defendants  ) | |

Defendants, C&S Wholesale Grocers, Inc. ("C&S") and Marilyn Tillinghast ("Ms. Tillinghast"), hereby respond to Plaintiff's Opposition to Defendants' Notice of Removal and Plaintiff's Motion to Remand ("Plaintiff's Motion").  Plaintiff's Motion is without merit because C&S is a corporate citizen of the State of Vermont and Ms. Tillinghast is a citizen of the State of Vermont.  Since both defendants are citizens of Vermont and the plaintiff, James R. Menard ("Mr. Menard"), is a citizen of the Commonwealth of Massachusetts, removal of this action was proper under 28 U.S.C. 1441(b).

On February 25, 2004, Mr. Menard filed in Norfolk County Superior Court Department of the Trial Court of the Commonwealth of Massachusetts (Civil Action No. 04-00317B) a civil action against C&S and Ms. Tillinghast.  Mr. Menard's complaint alleges that the defendants discriminated against Mr. Menard on the basis of age in violation of Massachusetts General Laws Chapter 151B.

On March 30, 2004, the defendants filed a Notice of Removal.  The grounds for the removal were that Mr. Menard is a Massachusetts resident, that C&S and Ms. Tillinghast were residents of Vermont, and that this Court had original diversity

jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the matter in controversy is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

On April 30, 2004, Mr. Menard served Plaintiff's Motion.[1]  Mr. Menard's opposition asserts that removal was improper because diversity of citizenship does not exist because the Secretary of State of the Commonwealth of Massachusetts lists a domestic corporate certificate for C&S and because Ms. Tillinghast owns property in Orleans, Massachusetts.  However, despite those assertions, both C&S and Ms. Tillinghast are, and were at the time of the filing of the complaint, citizens of the State of Vermont.

A.      Removal of this Case was Proper because Diversity of Citizenship Exists.

The defendants recognize that the Federal Courts are courts of limited jurisdiction and that a party seeking its jurisdiction has the burden of demonstrating its existence. Bank One, Texas, N.A. v. Montle, 964 F.2d at 48, 50 (1st Cir. 1992).

1.      C&S is a Citizen of the State of Vermont.

Under Section 1332(c), for diversity of citizenship and for removal under 28 U.S.C. 1441, "a corporation shall be deemed to be a citizen of any State where it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C.

---

[1] While Plaintiff's motion was served on April 30, 2004, the motion was filed with this Court on May 3, 2004, more than 30 days after the filing of the notice of removal. Section 1447(c) states that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under 1446(a)." 28 U.S.C. § 1447(c).  Plaintiff's motion was not filed with this court within the thirty (30) day time period.  Accordingly, plaintiff's motion should be denied because it is untimely.

§ 1332(c)(1).  See also Rodriguez v. SK & F Co., 833 F.2d 8, 9 (1st Cir. 1987) (citing 28 U.S.C. § 1332(c)) (for purposes of diversity jurisdiction, a corporation has dual citizenship, that of the state of its incorporation and that of the state where it has its principal place of business).  Plaintiff's counsel does not dispute that "C&S is a corporation organized under the laws of the State of Vermont with a place of business located in Brattleboro, Vermont."  (Plaintiff's Motion at p. 3).

C&S was organized in Vermont on July 24, 1984 and has a principal office located at Old Ferry Road, Brattleboro, Vermont.  On or about August 22, 1984, C&S VT registered with the Commonwealth of Massachusetts as a Foreign Corporation.  (See Affidavit of Carl Wistreich, attached hereto as Exhibit A, ¶¶ 2 and 3).  C&S currently employs Marilyn Tillinghast and did employ Mr. Menard from June 1999 to August 2001.  (Exhibit A at ¶¶ 4, 5).

On or around July 28, 1984, C & S Wholesale Grocers, Inc., a Massachusetts corporation ("C&S MA") merged into C&S, the Vermont corporation, and C&S, the Vermont corporation was the surviving corporation of the merger.  The separate corporate existence of C&S MA dissolved upon the merger with C&S, the Vermont corporation. (Exhibit A at ¶ 6).  On July 27, 1984, Articles of Merger were filed with the Secretary of State of the Commonwealth of Massachusetts.  (Exhibit A at ¶ 7).  C&S MA, which had been previously dissolved (see Tab A to Kathryn F. Abare's Affidavit which is Tab 2 to Plaintiff's Motion) was revived for a period of three days or until it merged into Cohensco, a Vermont corporation that changed its name to C&S.

(Exhibit A, ¶ 7).  Accordingly, no Massachusetts C&S corporation exists.  The surviving corporation, C&S, a Vermont corporation, is a citizen of the State of Vermont.

Mr. Menard also asserts that C&S's warehouses in South Hatfield, North Hatfield and Westfield, Massachusetts, and an office in Framingham, Massachusetts, indicates that C&S is a Massachusetts citizen.  However, for determining diversity jurisdiction, the Court looks to the state of incorporation and where it has its principal place of business.  See 28 U.S.C. § 1332(c).  C&S's warehouses in Massachusetts and an office in Massachusetts does not change C&S's citizenship.  Accordingly, this court possesses diversity jurisdiction in this case.

2.  Ms. Tillinghast is a Citizen of Vermont.

For the purposes of diversity of citizenship, a person is a citizen of the state in which she is domiciled.  Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992) (citations omitted).  "A person's domicile is the place where [s]he has a true, fixed home and principal establishment, and to which, whenever [s]he is absent [s]he has the intention of returning."  Id. (citations omitted).  The factors the court looks to in determining a person's domiciliary intent include "the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment."  Id. at 50.  While no one factor is controlling, where a person is registered to vote is a "weighty" factor.  Id.

4

In this case, Ms. Tillinghast is registered to vote in the State of Vermont, pays Vermont personal income tax, owns a home in Vermont, has obtained a driver's license in Vermont, maintains a Vermont bank account, and is employed in Vermont. (See Affidavit of Marilyn Tillinghast attached as Exhibit A at ¶¶ 2 to 7). Moreover, Ms. Tillinghast's Affidavit stated that her Vermont home is her primary residence and that she has, and had in February 2004, the intention of remaining in her Vermont home indefinitely. (Exhibit A at ¶ 1). Ms. Tillinghast's ownership of a house in Massachusetts, when she also owns a home in Vermont, holds a Vermont license, maintains Vermont bank accounts, and filed personal tax returns in Vermont, does not make her a citizen of Massachusetts. Ms. Tillinghast has met her burden of proving her citizenship in Vermont. Accordingly, this Court possesses diversity jurisdiction in this case.

## Conclusion

For all the foregoing reasons, Plaintiff's Motion to Remand should be denied.

Dated: May 14 , 2004

The Defendants
C&S WHOLESALE GROCERS, INC.
and MARILYN TILLINGHAST
By Their Attorneys
/s/ Mary J. Kennedy

_____
Mary J. Kennedy
 BBO No. 552345
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel:  (413) 272-6242
Fax: (413) 272-6803

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on May  14 , 2004.

 /s/ Mary J. Kennedy_____
        Mary J. Kennedy

5