UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10619 RCL

| | |
|---|---|
| JAMES R. MENARD,<br>　　　Plaintiff | )<br>)<br>) |
| vs. | )    AFFIDAVIT OF CARL WISTREICH |
| | ) |
| C&S WHOLESALE GROCERS,<br>INC., et al.,<br>　　　Defendants | )<br>)<br>) |

I, Carl Wistreich, do depose and state as follows:

1. I am Senior Vice President and Deputy General Counsel at C&S Wholesale Grocers, Inc., a Vermont corporation ("C&S VT"). I have been employed by C&S VT since 1999.

2. C&S VT was organized in Vermont on July 24, 1984 and has a principal office located at Old Ferry Road, Brattleboro, Vermont.

3. On or about August 22, 1984, C&S VT registered with the Commonwealth of Massachusetts as a Foreign Corporation.

4. C&S VT currently employs Marilyn Tillinghast.

5. From June 1999 to August 2001, C&S VT employed James Menard.

6. C & S Wholesale Grocers, Inc., a Massachusetts corporation ("C&S MA") merged into C&S VT on or around July 28, 1984 and C&S VT was the surviving corporation of the merger. The separate corporate existence of C&S MA dissolved upon the merger with C&S VT.

7. On July 27, 1984, an Articles of Merger for the C&S VT and C&S MA merger was filed with the Massachusetts Secretary of State, a copy of which is attached to this affidavit.

Signed under the penalties of perjury this \_\_12th\_\_ day of May, 2004.

_____
Carl Wistreich

# The Commonwealth of Massachusetts

RECEIVED

JUL 7 1984

SECRETARY OF STATE
CORPORATION DIVISION

Examiner _____

MICHAEL JOSEPH CONNOLLY
*Secretary of State*
ONE ASHBURTON PLACE
BOSTON, MASS. 02108

FEDERAL IDENTIFICATION
NO. 04-1140950

FEDERAL IDENTIFICATION
NO. pending

### ARTICLES OF ~~CONSOLIDATION~~* MERGER*
PURSUANT TO GENERAL LAWS, CHAPTER 156B, SECTION 79

The fee for filing this certificate is prescribed by General Laws, Chapter 156B, Section 114.
Make checks payable to the Commonwealth of Massachusetts.

\* \* \* \*

~~CONSOLIDATION~~ MERGER* OF

C. & S. WHOLESALE GROCERS, INC.
...........................................................................

COHENSCO, INC.
...........................................................................

...........................................................................

...........................................................................

...........................................................................
the constituent corporations

into

COHENSCO, INC.
...........................................................................

a new corporation* ~~the surviving corporation~~* organized under the laws of .....VERMONT.....
as specified in the agreement referred to in Paragraph 1 below.

The undersigned officers of each of the constituent corporations certify under the penalties of perjury as follows:

1. An agreement of ~~consolidation~~* merger* has been duly adopted in compliance with the requirements of subsections (b) and (c) of General Laws, Chapter 156B, Section 79, and will be kept as provided by subsection (c) thereof. The ~~resulting~~* surviving* corporation will furnish a copy of said agreement to any of its stockholders, or to any person who was a stockholder of any constituent corporation, upon written request and without charge.

2. The effective date of the ~~consolidation~~* merger* determined pursuant to the agreement referred to in paragraph 1 shall be    July 28, 1984

3. (For a merger)
** The following amendments to the articles of organization of the SURVIVING corporation have been affected pursuant to the agreement of merger referred to in paragraph 1:

    The name of the surviving corporation is changed to "C & S Wholesale Grocers, Inc.".

(For a consolidation)
    (a)  The purposes of the RESULTING corporation are as follows:

P.C.

*Delete the inapplicable words.
**If there are no provisions state "NONE."

NOTE: If the space provided under article 3 is insufficient, additions shall be set forth on separate 8½ x 11 inch sheets of paper, leaving a left hand margin of at least 1 inch for binding. Additions to more than one article may be continued on a single sheet so long as each article requiring each such addition is clearly indicated.

(b) The total number of shares and the par value, if any, of each class of stock which the resulting corporation is authorized is as follows:

| CLASS OF STOCK | WITHOUT PAR VALUE | WITH PAR VALUE | | |
|---|---|---|---|---|
| | NUMBER OF SHARES | NUMBER OF SHARES | PAR VALUE | AMOUNT |
| Preferred | | | | $. |
| | | | | |
| Common | | | | |

**(c) If more than one class is authorized, a description of each of the different classes of stock with, if any, the preferences, voting powers, qualifications, special or relative rights or privileges as to each class thereof and any series now established.

**(d) Other lawful provisions, if any, for the conduct and regulation of the business and affairs of the corporation, for its voluntary dissolution, for restrictions upon the transfer of shares of stock of any class, or for limiting, defining, or regulating the powers of the corporation, or of its directors or stockholders, or of any class of stockholders:

4. (This paragraph 4 may be deleted if the ~~resulting~~ surviving* corporation is organized under the laws of a state other than Massachusetts.)

The following information shall not for any purpose be treated as a permanent part of the articles of organization of the resulting* surviving* corporation:

(a) The post office address of the initial principal office of the resulting* surviving* corporation in Massachusetts is:

(b) The name, residence and post office address of each of the initial directors and President, Treasurer and Clerk of the resulting* surviving* corporation is as follows:

| Name | Residence | Post Office Address |
|---|---|---|

President

Treasurer

Clerk

Directors

(c) The date initially adopted on which the fiscal year of the resulting* surviving* corporation ends is: ............

(d) The date initially fixed in the by-laws for the Annual Meeting of stockholders of the resulting* surviving* corporation is:

*Delete the inapplicable words.

**If there are no provisions state "NONE."

NOTE: If the space provided under article 3 is insufficient, additions shall be set forth on separate 8½ x 11 inch sheets of paper, leaving a left hand margin of at least 1 inch for binding. Additions to more than one article may be continued on a single sheet so long as each article requiring each such addition is clearly indicated.

5. (This paragraph 5 may be deleted if the ~~resulting~~* surviving* corporation is organized under the laws of Massachusetts)

The ~~resulting~~* surviving* corporation hereby agrees that it may be sued in the Commonwealth of Massachusetts for any prior obligation of any constituent foreign corporation qualified under General Laws, Chapter 181, and any obligations hereafter incurred by the ~~resulting~~* surviving* corporation, including the obligation created by General Laws, Chapter 156B, Section 85, so long as any liability remains outstanding against the corporation in the Commonwealth of Massachusetts, and it hereby irrevocably appoints the Secretary of the Commonwealth as its agent to accept service of process in any action for the enforcement of any such obligation, including taxes, in the same manner as provided in Chapter 181.

*Delete the inapplicable words.

### FOR MASSACHUSETTS CORPORATIONS

The undersigned President*~~Vice President~~* and ~~XXXX~~ Assistant Clerk* of C. & S. Wholesale Grocers, a corporation organized under the laws of Massachusetts further state under the penalties of perjury that the agreement of ~~consolidation~~ merger* referred to in paragraph 1 has been duly executed on behalf of such corporation and duly approved in the manner required by General Laws, Chapter 156B, Section 79.

.................................................................... President*~~Vice President~~*

.................................................................... ~~XXXX~~ Assistant Clerk*

### FOR CORPORATIONS ORGANIZED OTHER THAN IN MASSACHUSETTS

The undersigned ..Lester Cohen, Pres.............† and ..Jonathan N. Brownell, Secretary..††

of ........COHENSCO, INC.............................................. a corporation organized under the laws of

........VERMONT........................ further state under the penalties of perjury that the agreement of ~~consolidation~~ merger*

referred to in paragraph 1, has been duly adopted by such corporation in the manner required by the laws of ..............

........VERMONT........................................................



....................................................................†

....................................................................††

*Delete the inapplicable words.

†Specify the officer having powers and duties corresponding to those of the President or Vice President of a Massachusetts corporation organized under General Laws, Chapter 156B.

††Specify the officer having power and duties corresponding to the Clerk or Assistant Clerk of such a Massachusetts corporation.

5. (This paragraph 5 may be deleted if the ~~XXXXXX~~* surviving* corporation is organized under the laws of Massachusetts)

The ~~XXXXXX~~* surviving* corporation hereby agrees that it may be sued in the Commonwealth of Massachusetts for any prior obligation of any constituent foreign corporation qualified under General Laws, Chapter 181, and any obligations hereafter incurred by the ~~XXXXXX~~* surviving* corporation, including the obligation created by General Laws, Chapter 156B, Section 85, so long as any liability remains outstanding against the corporation in the Commonwealth of Massachusetts, and it hereby irrevocably appoints the Secretary of the Commonwealth as its agent to accept service of process in any action for the enforcement of any such obligation, including taxes, in the same manner as provided in Chapter 181.

*Delete the inapplicable words.

## FOR MASSACHUSETTS CORPORATIONS

The undersigned President*~~XXXXXXXXX~~* and ~~XXXX~~ Assistant Clerk* of C. & S. Wholesale Grocers, Inc a corporation organized under the laws of Massachusetts further state under the penalties of perjury that the agreement of ~~XXXXXXXXX~~* merger* referred to in paragraph 1 has been duly executed on behalf of such corporation and duly approved in the manner required by General Laws, Chapter 156B, Section 79.

_____ President*~~XXXXXXXXX~~*

_____ ~~XXXX~~ Assistant Clerk*

## FOR CORPORATIONS ORGANIZED OTHER THAN IN MASSACHUSETTS

The undersigned Lester Cohen, Pres. † and Jonathan N. Brownell, Secretary ††

of COHENSCO, INC. a corporation organized under the laws of

VERMONT further state under the penalties of perjury that the agreement of ~~XXXXXXXXX~~* merger*

referred to in paragraph 1, has been duly adopted by such corporation in the manner required by the laws of

VERMONT

_____ †

_____ ††

*Delete the inapplicable words.

†Specify the officer having powers and duties corresponding to those of the President or Vice President of a Massachusetts corporation organized under General Laws, Chapter 156B.

††Specify the officer having power and duties corresponding to the Clerk or Assistant Clerk of such a Massachusetts corporation.

RECEIVED

JUL 27 1984

SECRETARY OF STATE
CORPORATION DIVISION

THE COMMONWEALTH OF MASSACHUSETTS

ARTICLES OF ~~CONSOLIDATION~~/MERGER

(General Laws, Chapter 156B, Section 79)

I hereby approve the within articles of consolidation/merger and, the filing fee in the amount of $200.00 having been paid, said articles are deemed to have been filed with me this 27th day of July, 1984.

Effective Date   July 28, 1984

*Michael Joseph Connolly*

MICHAEL JOSEPH CONNOLLY
*Secretary of State*

TO BE FILLED IN BY CORPORATION
Photo Copy of Articles of Merger To Be Sent

TO:

Jonathan N. Brownell

BROWNELL & MOESER, P.C.
P.O. BOX 200
Norwich, Vermont  05055

Telephone  802-649-1200

Copy Mailed

AUG 15 1984

THE COMMONWEALTH OF MASSACHUSETTS

ARTICLES OF CONSOLIDATION/MERGER

(General Laws, Chapter 156B, Section 79)

I hereby approve the within articles of consolidation/merger and, the filing fee in the amount of $................... having been paid, said articles are deemed to have been filed with me this ........................... day of ..............................................................., 19................. .

Effective Date

MICHAEL JOSEPH CONNOLLY
*Secretary of State*

TO BE FILLED IN BY CORPORATION
Photo Copy of Articles of Merger To Be Sent

TO:

Jonathan N. Brownell

BROWNELL & MOESER, P.C.
P.O. BOX 200
Norwich, Vermont 05055

Telephone  802-649-1200

Copy Mailed

# The Commonwealth of Massachusetts

## MICHAEL JOSEPH CONNOLLY
*Secretary of State*
ONE ASHBURTON PLACE, BOSTON, MASS. 02108

FEDERAL IDENTIFICATION NO. 04-1140950

### APPLICATION FOR REVIVAL
General Laws, Chapter 156B, Section 108

1. Name of Corporation  C.+S. Wholesale Grocery, Inc.
2. Name of Applicant  Ian M. Starr
3. Post Office Address of Applicant  1 Post Office Sq., Boston, MA 02109
4. State fully the applicant's relationship to or interest in the corporation.
   Assistant Clerk
   Partner in law firm that is Mass. counsel to the corporation.
5. Date of Dissolution  October 19, 1983
6. The corporation was dissolved under the provision of Chapter 156B, Section  101
7. Describe fully the circumstances leading to the dissolution of the corporation.*
   Inadvertently failed to file annual reports.
8. Describe fully the activities, if any, of the corporation since its dissolution.
   Corporation has continued to actively conduct its wholesale grocery business.
9. Does the applicant seek a limited or a general revival? If limited, state fully the reason or reasons therefor, and the period of time sought for the revival.*
   Limited - Corporation is simultaneously filing Articles of Merger, to be effective July 28, 1984, pursuant to which Corporation will be merged into a Vermont corporation.

\* If space is not sufficient, use continuation sheets which must be 8½ X 11.

10. State the names and present addresses of the persons who will act as officers and directors of the corporation if revived.

Lester Cohen — Director, President and Treasurer — 229 Chapman Rd, Keene, N.H. 0_
Norma R. Cohen — Director — 229 Chapman Rd, Keene, N.H._
James R. Cohen — Director — 15A Upper D_____ Rd, Brattleboro, VT_
Richard B. Cohen — Director — 39 Y E. Surry Rd, Keene, N.H. 0_
Laurence S. Fordham — Clerk — 518 South Ave, Weston, MA 0__

11. What will be the address of the principal office of the corporation if revived?

c/o Foley, Hoag & Eliot, One Post Office Sq, Boston, MA 02109

Subscribed this......27th......day of......July......in the year 19.84

..................................................
(signature of applicant)

I hereby approve the within application for revival, and, the filing fee having been paid, said application is deemed to have been filed with me this..........................day of..........................in the year 19....

..................................................
Secretary of the Commonwealth

RECEIVED

JUL 27 1984

CORPORATION DIVISION
SECRETARY'S OFFICE

# The Commonwealth of Massachusetts

OFFICE OF THE MASSACHUSETTS SECRETARY OF STATE
MICHAEL JOSEPH CONNOLLY, Secretary
ONE ASHBURTON PLACE, BOSTON, MASS. 02108

## REVIVAL CERTIFICATE

*WHEREAS:*

*In compliance with the provisions of Section* 108 *of Chapter* 156B *of the Massachusetts General Laws, application in proper form having been seasonably made upon me, the Secretary of the Commonwealth, for the revival of*

C. & S. Wholesale Grocers, Inc.

*a domestic corporation organized* March 25, 1931 *under the authority of Chapter* 156 *of the Massachusetts General Laws, and dissolved under the provisions of Chapter* 156B *of the Massachusetts General Laws, and the required fee having been received and all other requirements of the Statutes having been complied with, I hereby declare that*

C. & S. Wholesale Grocers, Inc.

*is revived for* a period of three (3) days or until such time as the said corporation is merged into Cohensco, Inc. a Vermont Corporation, whichever shall first occur, but not for the purpose for which it was established.



*Witness my hand this* twenty-seventh *day of* July *in the year of our Lord* one thousand nine hundred and eighty-four.

*Secretary of State*

Form C.D.R. 108.