UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10619 RCL

| | |
|---|---|
| JAMES R. MENARD, ) | |
|     Plaintiff ) | |
| ) | MEMORANDUM OF LAW IN |
| vs. ) | SUPPORT OF DEFENDANTS' |
| ) | MOTION FOR RECONSIDERATION |
| C&S WHOLESALE GROCERS, ) | OF COURT ORDER DATED |
| INC., et al., ) | JULY 14, 2004 |
|     Defendants ) | |

I. Procedural History

Defendants, C&S Wholesale Grocers, Inc. ("C&S") and Marilyn Tillinghast ("Ms. Tillinghast"), move for reconsideration of the order of this Court (Lindsay, J.) dated July 14, 2004 and request permission to file this memorandum of law and supplemental affidavit providing information that C&S does not have its principal place of business in Massachusetts.

On February 25, 2004, Mr. Menard filed in Norfolk County Superior Court Department of the Trial Court of the Commonwealth of Massachusetts (Civil Action No. 04-00317B) a civil action against C&S and Ms. Tillinghast. Mr. Menard's complaint alleges that the defendants discriminated against Mr. Menard on the basis of age in violation of Massachusetts General Laws Chapter 151B.

On March 30, 2004, the defendants filed a Notice of Removal. The grounds for the removal were that Mr. Menard is a Massachusetts resident, that C&S and Ms. Tillinghast were residents of Vermont, and that this Court had original diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the matter in controversy is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

On April 30, 2004, Mr. Menard served Plaintiff's Opposition to Defendants' Notice of Removal and Plaintiff's Motion to Remand ("Plaintiff's Motion). Mr. Menard's opposition asserted that removal was improper because diversity of citizenship does not exist between Mr. Menard and C&S and Ms. Tillinghast. On May 14, 2004, the defendants served its opposition to Plaintiff's Motion and submitted an affidavit of C&S's Senior Vice President and Deputy General Counsel addressing the issue of C&S's incorporation[1] in Vermont and an affidavit of Ms. Tillinghast regarding her Vermont residency.

On July 14, 2004, this Court issued its order granting Plaintiff's Motion to Remand. The order states that "[t]he defendants have not shown that the corporate defendant, C&S, does not have its principal place of business in Massachusetts." The defendants now seek reconsideration of the order and request permission to file a supplemental affidavit regarding C&S's principal place of business.

II. Argument

The defendants recognize that the Federal Courts are courts of limited jurisdiction and that a party seeking its jurisdiction has the burden of demonstrating its existence. Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992). Under Section 1332(c), for diversity of citizenship and for removal under 28 U.S.C. 1441, "a corporation shall be deemed to be a citizen of any State where it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). See also Rodriguez v. SK & F Co., 833 F.2d 8, 9 (1st Cir. 1987) (citing 28 U.S.C. § 1332(c)) (for purposes of diversity jurisdiction, a corporation has dual citizenship, that of the state of its incorporation and that of the state where it has its principal place of

---

[1] The opposition and affidavits mistakenly neglected to address C&S's principal place of business.

2

business).  For the purpose of determining diversity jurisdiction, citizenship is determined as of the date of the initiation of the lawsuit.  <u>Taber Partners, I v. Merit Builders, Inc.</u>, 987 F.2d 57, 59, n. 1 (1st Cir. 1993).

The defendants' prior submission to this Court addressed the first prong of the statute; i.e. C&S is incorporated in Vermont.  This memorandum of law addresses the second prong of the statute, the principal place of business of C&S.

    A.    <u>C&S does not have its principal place of business in Massachusetts.</u>

In determining the principal place of business of a corporation for the purpose of diversity jurisdiction, the First Circuit has applied three tests:  (1) the "nerve center" test; (2) the "center of corporate activity" test; and (3) the "locus of the operations of the corporation" test.  <u>Taber</u>, 987 F.2d at 61.  The nerve center test focuses on where the corporation's activities are controlled and directed.  The center of corporate activity test examines the location of the corporation's day-to-day management.  The third test, "locus of the operations," examines the location of the corporation's actual physical operations. <u>Topp v. CompAir, Inc.</u>, 814 F.2d 830, 834 (1st Cir. 1987).

    1.    <u>Nerve Center Test.</u>

The nerve center test is appropriate when the corporation's operations are spread out over many different states.  <u>See</u> <u>Topp</u>, at 834.  Under the nerve center test, the court looks at a number of factors:  the location of the corporation's headquarters; where directors' meetings are held; where the corporate income tax return is filed; where corporate records are kept; the location of the corporation's principal bank accounts; location of corporate personnel who direct the daily operations of the corporation; location of the corporation's major policy decisions; and the location designated in corporate documents of the company's official headquarters.  <u>Topp</u>, at 837-838.

3

In this case, the majority of these factors point to Vermont. As of February 2004, C&S's administrative and executive offices were in Vermont. As of February 2004, C&S maintained its corporate records in Vermont, made major policy decisions in Vermont, and designated in its corporate documents that its official headquarters was in Vermont. As of February 2004, C&S maintained no principal bank accounts in Massachusetts. (See Supplemental Affidavit of Carl Wistreich, at ¶ 3, 7-11). Under the nerve center test, C&S's principal place of business is in Vermont, not Massachusetts.

  2. <u>Locus of Operations Test.</u>

The locus of the corporation's operations test is based on the location of the bulk of the corporation's actual physical operations. <u>Topp</u>, at 834. C&S is a wholesale food distribution company and has forty-five (45) warehouse facilities located in thirteen (13) states. (Exhibit A at ¶¶ 4-5). In Massachusetts, C&S has only three operating and two closed warehouses. (Exhibit A at ¶ 5). Of its approximately 10,000 employees, only approximately 1/8, or 1,200, of C&S's employees are located in Massachusetts. (Exhibit A at ¶ 6). Under this test, the bulk of C&S's actual physical operations are not located in Massachusetts.

  3. <u>Center of Corporate Activity Test.</u>

The center of corporate activity test focuses on the corporation's day-to-day management. <u>Topp</u>, at 834. In February 2004, the executive and administrative offices were located in Vermont.[2] (Exhibit A at ¶ 3). Most of C&S's payroll checks were issued from Vermont. (Exhibit A at ¶ 9). The center of C&S's corporate activity takes place outside of Massachusetts.

When all three of these tests are applied, the same results are reached: C&S's

---

[2] Since that time, the executive and administrative offices have moved to Keene, New Hampshire.

4

principal place of business is <u>not</u> in Massachusetts.  Since C&S is not incorporated in and does not have a principal place of business in Massachusetts, its citizenship is diverse from Mr. Menard.  Therefore, this Court has diversity jurisdiction in this case.  Accordingly, Plaintiff's Motion to Remand should be denied, and this case should proceed in this Court.

III.  <u>Conclusion</u>

For all the foregoing reasons, the Order of this Court dated July 14, 2004 remanding this case should be reconsidered, Plaintiff's Motion to Remand should be denied, and the Order to Remand should be revoked.

                                              The Defendants  
                                              C&S WHOLESALE GROCERS, INC.  
                                              and MARILYN TILLINGHAST  
                                              By Their Attorneys

                                              /s/ Mary J. Kennedy  
Dated:   July 15, 2004                            _____  
                                              Mary J. Kennedy  
                                               BBO No. 552345  
                                              Bulkley, Richardson and Gelinas, LLP  
                                              1500 Main Street, Suite 2700  
                                              Springfield, MA 01115  
                                              Tel:  (413) 272-6242  
                                              Fax: (413) 272-6803