UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV-10619RCL

|  |  |
|---|---|
| JAMES R. MENARD, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| C&S WHOLESALE GROCERS, INC. and MARILYN TILLINGHAST, | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION
OF COURT'S ORDER DATED JULY 14, 2004**

**INTRODUCTION**

Plaintiff, James R. Menard, hereby opposes Defendants' Motion For Reconsideration Of Court's Order Dated July 14, 2004.

As grounds therefore, Plaintiff states that this Court should not grant Defendants' Motion For Reconsideration of Court's Order Dated July 14, 2004 because Defendants' Memorandum of Law and Supplemental Affidavit of Carl Wistreich are untimely. In the alternative, even if this Court considers Defendants' Memorandum of Law and Supplemental Affidavit of Carl Wistreich, Defendants have not staisfied their burden of proving complete diversity of citizenship.

{J:\CLIENTS\emp\301407\0001\00451901.DOC;1}

**PROCEDURAL HISTORY**

On March 30, 2004 the Defendants, C&S Wholesale Grocers, Inc. ("C&S" or "the Company") and Marilyn Tillinghast improperly removed this as a diversity action. Thereafter, on April 30, 2004, Plaintiff filed Plaintiff's Opposition To Defendants' Notice of Removal and Plaintiff's Motion To Remand ("Plaintiff's Opposition/Motion To Remand") on the grounds that C&S is a corporate citizen of Massachusetts and Ms. Tillinghast is a resident of Massachusetts, the forum in which this action was originally brought. On May 14, 2004 Defendants filed Defendants' Response To Plaintiff's Opposition To Defendants' Notice of Removal and Plaintiff's Motion To Remand ("Defendants' Response"). On July 14, 2004, this Court granted Plaintiff's Motion To Remand on the grounds that Defendants had not met their burden of showing that there is complete diversity of citizenship among the parties. In response to this Court's Order, Defendants filed a Motion For Reconsideration Of Court's Order of July 14, 2004 ("Defendants' Motion For Reconsideration") and an accompanying memorandum of law ("Supplemental Memorandum of Law") and Supplemental Affidavit of Carl Wistreich ("Supplemental Affidavit").

**ARGUMENT**

**I.    THIS COURT SHOULD NOT CONSIDER DEFENDANTS' MEMORANDUM OF LAW AND AFFIDAVIT BECAUSE THEY ARE UNTIMELY.[1]**

Local Rule 7.1(B)(2) provides as follows:

> A party opposing a motion, shall file an opposition to the motion within fourteen (14) days after service of the motion … and in the same (rather than a separate) document a memorandum of reasons,

---

[1] To the extent this Court deems it necessary, it should consider Plaintiff's Opposition as a Motion To Strike Defendants' Supplemental Memorandum and Supplemental Affidavit on the grounds that Defendants have failed to comply with Local Rule 7.1(B)(2) and FED. R. CIV. P. 6(b)(2).

> including citation to supporting authorities, why the motion should not be granted. Affidavits and other documents setting forth or evidencing facts on which the opposition is based *shall* be filed with the opposition.

Local Rule 7.1(B)(2) (emphasis added).

Pursuant to these rules, Defendants had 14 days from the date Plaintiff filed Plaintiff's Opposition/Motion To Remand, or until May 14, 2004, to file Defendants' Response and any accompanying memorandum of law and supporting affidavits. Indeed, Defendants submitted Defendants' Response and accompanying affidavits on May 14, 2004.

Now, more than 2 ½ months later, Defendants seek to submit an additional memorandum of law and additional affidavit, disguised as a motion for reconsideration, which address the exact issues raised in Plaintiff's Opposition/Motion To Remand. Namely, Defendants seek to submit the Supplemental Memorandum and Supplemental Affidavit to establish that C&S Wholesale Grocers, Inc.'s principal place of business is in Vermont. Because the Supplemental Memorandum and Supplemental Affidavit address one of the central issues raised in Plaintiff's Opposition/Motion To Remand, the memorandum and affidavit should have been filed within 14 days after Plaintiff's Opposition/Motion To Remand pursuant to Local Rule 7.1(B)(2).

In fact, Defendants admit that Defendants' Response "addressed the first prong of [28 U.S.C. § 1332(c)(1)]," but "mistakenly neglected to address C&S's principal place of business." Defendants' Memorandum at 2 n.1 and 3.

Rule 6(b) of the Federal Rules Of Civil Procedure provides that once the time period for taking an action has expired, the party must show excusable neglect in order to permit the court to enlarge the time period for taking the action:

> When by these rules or by a notice given thereunder or by order or rule of court an act is required or allowed to be done at or within a specified time, the court for cause shown may … upon motion

>made after the expiration of the specified period permit the act to be done ***where the failure to act was the result of excusable neglect*** … .

FED. R. CIV. P. 6(b)(2) (emphasis added).

In their present motion, Defendants have offered no reason why they could not have included the information included in the Supplemental Memorandum and Supplemental Affidavit in Defendants' Response.  As a result, Defendants are unable to show the "unique or extraordinary circumstances" required to receive an extension under Rule 6(b).  Cumberland Farms v. MWRA, 7 Mass. L. Rptr. 125, 126 (Mass. Super. August 18, 1997) ("Excusable neglect under Rule 6(b)(2) requires unique or extraordinary circumstances.").

To the contrary, Defendants' simply state that their original "opposition and affidavits mistakenly neglected to address C&S's principal place of business" without offering any reason for their neglect.  However, it is well established that Rule 6(b) does not extend "to cover any kind of garden-variety oversight."  Goldstein v. Barron, 382 Mass. 181, 186 (1980).

This does not satisfy Defendants' obligation to show that their late filing "was the result of excusable neglect."  FED. R. CIV. P. 6(b)(2).  Because Defendants' memorandum and affidavit address issues before this Court and known to Defendants at the time they submitted Defendants' Response and Defendants have failed to show the late filing was the result of excusable neglect, the memorandum and affidavit are now untimely and should be disregarded by the Court.[2]

---

[2] Defendants should not be permitted to avoid their obligation to comply with the Federal and Local Rules of Civil Procedure by submitting additional supporting papers under the guise of a motion for reconsideration.

II. **EVEN IF THIS COURT CONSIDERS DEFENDANTS' SUPPLEMENTAL MEMORANDUM AND SUPPLEMENTAL AFFIDAVIT, DEFENDANTS HAVE NOT ESTABLISHED COMPLETE DIVERSITY OF CITIZENSHIP.**

Assuming, for the sake of this argument, that this Court considers Defendants' Supplemental Memorandum and Supplemental Affidavit, the Motion For Reconsideration should still be denied.

Defendants base their Motion For Reconsideration on the fact that Defendant C&S Wholesale Grocers, Inc. does not have its principal place of business in Massachusetts. Defendants submit the Supplemental Affidavit of Carl Wistreich as the only evidence in support of their position that C&S's principal place of business is not in Massachusetts. However, even if this Court considers the Supplemental Affidavit, Defendants have still failed to meet their burden of establishing complete diversity.

The burden of proving all jurisdictional facts is on the party asserting jurisdiction. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). Accordingly, Defendants have the burden of proving that complete diversity existed at the time the action was filed. See Bull HN Information Sys., Inc. v. Hutson, 299 F.3d 321, 328 (1st Cir. 2000). If one party challenges the jurisdictional facts, the party asserting jurisdiction must support those allegations with competent proof. United Food Local 919 v. Centermark Properties, 30 F.3d 298, 301 (2d Cir. 1994).

In the present case, Defendants' have not demonstrated diversity of citizenship by competent proof. Specifically, Defendants' Supplemental Affidavit is conclusory, unsupported by any documentary evidence, and does not state the basis for the affiant's knowledge of the facts stated therein. Furthermore, the Supplemental Affidavit does not address many factors essential to establishing C&S's citizenship. Specifically, Defendants have not established the

location of C&S's directors' meetings; where the corporate income tax is filed; the location of C&S's principal bank accounts; the location of the corporate personnel who direct the daily operations of the corporation; or where the bulk of the corporation's activities take place. See Topp v. CompAir Inc., 814 F.2d 830, 834 (1st Cir. 1987) (describing factors for "nerve center" test.). In fact, Defendants' Supplemental Affidavit is replete with unsupported statements that fail to establish the state in which C&S has its principal place of business or in which it is a citizen. For example, in their Supplemental Affidavit, Defendants state that C&S has 45 facilities located in 13 states, but then do not indicate in which state C&S has the bulk of its operations. Supplemental Affidavit at ¶ 5. Indeed, it is possible that the three warehouses in Massachusetts could constitute the bulk of C&S's operations. In addition, the fact that 1/8 (1200) of C&S's 10,000 employees are located in Massachusetts does not establish that C&S is not a citizen of Massachusetts. Supplemental Affidavit at ¶ 6. Indeed, with facilities in 13 states, the fact that 1/8 of its employees are located in Massachusetts may indicate that Massachusetts is the state in which C&S has most of its employees.

Accordingly, even if this Court considers Defendants' Supplemental Memorandum and Supplemental Affidavit, Defendants have still failed to meet their burden of establishing diversity of citizenship through competent evidence.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Defendants' Motion For Reconsideration and remand this case to the Commonwealth of Massachusetts Norfolk Superior

Court and Plaintiff should be awarded all attorneys' fees, costs and expenses which he was forced to incur as a result of this improper removal pursuant to 28 U.S.C. § 1447(c).

          JAMES R. MENARD

          By his Attorneys,

          /s/ David M. Felper, Esq.
          David M. Felper, Esq., BBO #162460
          Kathryn E. Abare, Esq., BBO #647594
          Bowditch & Dewey, LLP
          311 Main Street – P.O. Box 15156
          Worcester, MA  01615-0156
          (508) 791-3511

Date:   July 29, 2004